IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

| | |
|---|---|
| **ROBERT Z. WHIPPLE, III,**  )<br>)<br>  Petitioner,  )<br>)<br>v.  )<br>)<br>**WARDEN KATRINA HECKARD,** *et al.*,  )<br>)<br>  Respondents.  ) | CIVIL ACTION NO. 5:23-00416 |

**PROPOSED FINDINGS AND RECOMMENDATION**

On May 30, 2023, Petitioner, acting *pro se*, filed a Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241." [1] (Document No. 1.) In his Section 2241 Petition, Petitioner claims that Bureau of Prison ("BOP") staff are hindering his access to the courts by interfering with his legal mail in violation of his First Amendment rights. (Id.) Specifically, Petitioner claims his legal mail is "being read and censored." (Id.) As relief, Petitioner requests that prison officials be enjoined "from hindering his access to court, by any and all means, including interference with the legal mail, failure to send out legal mail, failure to deliver legal mail, censoring or reading legal mail, and/or monitoring attorney communications." (Id.) In support, Petitioner files a "Declaration Regarding Legal Mail Interference at FCI Beckley and Staff Threating Assault." (Document No. 4.)

On June 13, 2023, Petitioner filed an "Amended Petition for Writ of Habeas Corpus." (Document No. 8.) First, Petitioner alleges that BOP staff are violating his First Amendment rights by interfering with his legal mail. (Id.) Specifically, Petitioner complains that his legal

---

[1] Because Petitioner is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer and therefore, they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

mail is being opened and read outside his presence. (Id.) Second, Petitioner alleges that BOP staff are acting with deliberate indifference to his esophagus condition in violation of his Eighth Amendment rights. (Id.) Specifically, Petitioner alleges that he is being denied medical treatment for "cancerous cells" in his esophagus and other gastrointestinal issues. (Id.) As relief, Petitioner requests that BOP staff be enjoined from interfering with his legal mail and that BOP staff be required to provide him with adequate medical treatment. (Id.)

## STANDARD

Pursuant to 28 U.S.C. § 1915A, the Court is required to screen each case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. On screening, the Court must recommend dismissal of the case if the complaint or petition is frivolous, malicious or fails to state a claim upon which relief can be granted. A "frivolous" complaint or petition is one which is based upon an indisputably meritless legal theory. Denton v. Hernandez, 504 U.S. 25, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992). A "frivolous" claim lacks "an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831 - 32, 104 L.Ed.2d 338 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." Id., 490 U.S. at 327, 109 S.Ct. at 1833. A claim lacks an arguable basis in fact when it describes "fantastic or delusional scenarios." Id., 490 U.S. at 327 - 328, 109 S.Ct. at 1833. A complaint or petition therefore fails to state a claim upon which relief can be granted factually when it appears beyond doubt that the petitioner can prove no set of facts in support of his claim which would entitle him to relief. With these standards in mind, the Court will assess Petitioner's allegations in view of applicable law.

## DISCUSSION

In considering an inmate's application for *habeas* relief under 28 U.S.C. § 2241, the

2

Court must consider whether the inmate is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); Rose v. Hodges, 423 U.S. 19, 21, 96 S.Ct. 175, 177, 46 L.Ed.2d 162 (1975). A petition for a writ of habeas corpus is the mechanism by which a prisoner disputes the "fact or duration" of his confinement. Preiser v. Rodriguez, 411 U.S. 475, 498-99, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973). Generally, a motion filed under 28 U.S.C. § 2255 attacks the validity of a federal conviction or sentence.[2] See Rice Rivera, 617 F.3d 802, 807 (4th Cir. 2010); United States v. Little, 392 F.3d 671, 679 (4th Cir. 2004)(citation omitted). A Section 2241 petition, however, is used to attack the manner in which a sentence is executed (e.g., time credit calculations). Thus, a Section 2241 petition is appropriate where the prisoner challenges the fact or length of his confinement, but generally not the conditions of that confinement. See Preiser, 411 U.S. at 499-500, 93 S.Ct. 1827; Ajaj v. Smith, 108 Fed.Appx. 743, 744 (4th Cir. 2004). "If a prisoner seeks a 'quantum change' in his level of custody such as freedom, his remedy is habeas corpus." Campbell v. Deboo, 2011 WL 1694454, * 2 (N.D.W.Va. May 4, 2011). If a prisoner, however, "seeks a different program, location, or environment, his challenge is to the condition of his confinement rather than the fact of his confinement and his remedy is under civil rights law." Id.; also see Biedrzycki v. O'Brien, 2011 WL 6748505

---

[2] In considering an inmate's application for *habeas* relief under 28 U.S.C. § 2241, the Court must consider whether the inmate is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Rose v. Hodges*, 423 U.S. 19, 21, 96 S.Ct. 175, 177, 46 L.Ed.2d 162 (1975). The Court notes that Section 2241 is merely a general grant of *habeas corpus* authority. *See Medberry v. Crosby*, 351 F.3d 1049, 1062 (11 Cir. 2003). More specific grants of *habeas corpus* authority are found in 28 U.S.C. § 2254 (state prisoners) and 28 U.S.C. § 2255 (federal prisoners). *See Thomas v. Crosby*, 371 F.3d 782, 785 (11th Cir. 2004). Section 2255 is the exclusive remedy for testing the validity of federal judgments and sentences unless there is a showing that the remedy is inadequate or ineffective. *In Re Jones*, 226 F.3d 328, 333 (4th Cir. 2000). The remedy under Section 2241 is not an additional, alternative or supplemental remedy to that prescribed under Section 2255. Rather, Section 2241 applies to circumstances factually quite different from those properly considered under Section 2255. While the validity of Petitioner's conviction and/or sentence is in issue under Section 2255, matters pertaining to Petitioner's "commitment or detention" are properly the subject under 28 U.S.C. § 2241. *See* 28 U.S.C. § 2242. Thus, in addition to those very narrow circumstances under which Section 2255 is "inadequate and ineffective," issues arising out of the allegedly unlawful or incorrect computation of Petitioner's sentence and resulting in an unconstitutional restraint upon his liberty are properly considered under 28 U.S.C. § 2241. Allegations that a federal conviction or sentence is invalid are therefore appropriately considered under Section 2255, and allegations respecting the execution of a federal sentence are properly considered under Section 2241.

(N.D.W.Va. Oct. 14, 2011)(dismissing petitioner's Section 2241 claim where petitioner was "merely challenging the B.O.P.'s reliance on information in his PSR that was used to determine his custody classification and security level, neither of which affect the duration of his sentence"). Where a prisoner attempts only to alter the conditions of his confinement, rather than the duration of his sentence, the appropriate vehicle is a civil rights action. Preiser, 411 U.S. at 494, 498-99, 93 S.Ct. 1827.

In the instant case, Petitioner is clearly and exclusively challenging the conditions of confinement. A Section 2241 petition is an improper avenue in which to challenge conditions of confinement under the First and Eighth Amendments. See Saunders v. Dobbs, 2020 WL 4507090, * 7 (D.S.C. July 2, 2020)(finding petitioner's allegations regarding his legal mail did not challenge the fact or duration of his imprisonment, and were instead challenges to the conditions of his confinement); Rivernider v. Joyner, 2018 WL 4560716, fn. 2 (D.S.C. Jan. 17, 2018)(dismissing petitioner's claims concerning the conditions of his confinement to the extent such claims were asserted in his Section 2241 action); Roudabush v. Warden, 2018 WL 3979858, * 1 (D.S.C. July 18, 2018)(finding a Section 2241 petition improperly raised claims of harassment, unsanitary food, and lack of mental health care); Hargrove v. Masters, 2017 WL 712758 * 2 (S.D.W.Va. Feb. 23, 2017)(J. Faber)(finding that petitioner's challenge to his conditions of confinement was properly construed as a Bivens action "because 'challenges to the conditions of [] confinement are not cognizable under § 2241, but instead must be pursued through a Bivens action…'"); Crooker v. Stewart, 2015 WL 1210209, * 3 (D.Md. March 13, 2015)(finding that alleged violations of the Eighth Amendment should be addressed by a Bivens or Section 1983 action, not in a Section 2241 petition); Warren v. Drew, 2010 WL 5300940 (D.S.C. Nov. 18, 2010)(finding petitioner's First Amendment claim was not a valid habeas

corpus ground because his receipt of mail does not affect the length or duration of his confinement). A Bivens action is a judicially created damages remedy which is designed to vindicate violations of constitutional rights by federal actors. See Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388, 395-97, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). Therefore, Plaintiff's allegations challenging the conditions of his confinement under the Eighth Amendment are properly asserted in a Bivens action. The undersigned, therefore, respectfully recommends that Petitioner's Section 2241 Petition and Amended Petition be dismissed as the claims asserted therein are not cognizable under Section 2241.[3]

## PROPOSAL AND RECOMMENDATION

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED** that the District Court **DISMISS** Petitioner's "Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241" (Document No. 1) and "Amended Petition for Writ of Habeas Corpus" (Document No. 8), and **REMOVE** this matter from the Court's docket.

The Petitioner is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge David A Faber. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen (14) days (filing of objections) and three (3) days (if received by mail) from the date of filing of this Findings and Recommendation within which to file with the Clerk of this Court specific written

---

[3] The undersigned declined to liberally construe Petitioner's above Petitions as a *Bivens* action because Petitioner indicates in his Petitions that he intentionally filed the above action pursuant to Section 2241 instead of *Bivens*. Petitioner further acknowledges that he has a pending *Bivens* action in the United States District Court for the Eastern District of Tennessee (*Whipple v. Leatham*, 3:21-cv-0002 (E.D. Tenn)). Thus, it appears Petitioner is knowledgeable on how to initiate a *Bivens* action. To the extent Petitioner may wish to pursue the above claims pursuant to *Bivens*, Petitioner may initiate such an action by filing a Complaint. The Clerk is **DIRECTED** to mail Petitioner a *Bivens* form Complaint and Application to Proceed Without Prepayment of Fees and Costs.

objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served on opposing parties, Judge Faber and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Petitioner, who is acting *pro se*.

Date: June 15, 2023.



_____
Omar J. Aboulhosn
United States Magistrate Judge