UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT BECKLEY

ROBERT Z. WHIPPLE, III,

    Petitioner,

v.                                               CIVIL ACTION NO. 5:23-cv-00416

WARDEN KATRINA HECKARD, *et al.*,

    Respondents.

## MEMORANDUM OPINION AND ORDER

Pending is Petitioner Robert Z. Whipple's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 [**Doc. 1**], filed May 30, 2023, Amended Petition for Writ of Habeas Corpus pursuant to § 2241 [**Doc. 8**], filed June 13, 2023, and Motion for Voluntary Dismissal [**Doc. 38**], file October 30, 2023. This action was previously referred to the Honorable Dwane L. Tinsley, United States Magistrate Judge, for submission of proposed findings and a recommendation ("PF&R"). Magistrate Judge Tinsley filed his PF&R on June 15, 2023. Magistrate Judge Tinsley recommended that the Court Dismiss deny Mr. Whipple's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 [**Doc. 1**] and Amended Petition for Writ of Habeas Corpus [**Doc. 8**] and dismiss this action. Mr. Whipple timely objected. [**Doc. 28**].[1]

---

[1] The Court has received several copies of Petitioner's objections to Magistrate Judge Tinsley's PF&R. The Court accepts Petitioner's handwritten objections, sent July 6, 2023, as timely [**Doc. 28**]. Accordingly, the Court **DENIES AS MOOT** those objections filed August 14, 2023 [**Doc. 25**] and August 18, 2023 [**Doc. 31**]. Further, Petitioner's motions to extend the time to file objections [**Docs. 26, 27, 30**] are also **DENIED AS MOOT**.

**I.**

The Court is required "to make a de novo determination of those portions of the report or specified findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). The Court need not review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *See Thomas v. Arn*, 474 U.S. 140 (1985); *see also* 28 U.S.C. § 636(b)(1) (emphasis added) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations *to which objection is made*."). Further, the Court need not conduct de novo review when a party "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

**II.**

Mr. Whipple objects to the magistrate judge's finding that his allegations challenge the conditions of his confinement as opposed to the fact or duration of his imprisonment and thus, are not cognizable pursuant to § 2241 [**Doc. 28 at 1–4**]. The Supreme Court of the United States has not yet determined the scope or availability of a habeas remedy in conditions of confinement challenges. *See Ziglar v. Abassi*, 582 U.S. 120, 145 (2017). There is a circuit split on whether habeas claims can raise challenges to conditions of confinement, with most circuits concluding that they cannot. *See Wilborn v. Mansukhani*, 795 F. App'x 157, 163 (4th Cir. 2019) (compiling cases). The United States Court of Appeals for the Fourth Circuit has yet to address this question in a published opinion but has held that conditions of confinement claims are not cognizable in habeas proceedings in several unpublished decisions. *See, e.g.*, *Wilborn*, 795 F. App'x. at 164 (concluding prisoner's challenge to the conditions of his confinement do not "fall within the scope

of habeas corpus"); *Rodriguez v. Ratledge*, 715 F. App'x. 261, 266 (4th Cir. 2017) (explaining petitioner's deprivation of good conduct claim is cognizable under § 2241, but his challenge to the conditions of his confinement is not). Accordingly, the Court finds that a § 2241 petition may be properly used to attack the allegedly unlawful computation and execution of an inmate's sentence but not the conditions of the inmate's confinement.

Therefore, the Court **ADOPTS** the PF&R [**Doc. 12**], **DENIES AS MOOT** Petitioner's Motion for Voluntary Dismissal [**Doc. 38**], **DENIES** the Petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 [**Doc. 1**] and Amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 [**Doc. 8**], and **DISMISSES** the matter.

The Court directs the Clerk to transmit a copy of this Order to any counsel of record and any unrepresented party.

ENTER: November 2, 2023



Frank W. Volk
United States District Judge

3